The opinion of the Court was afterward drawn up by
Parker C. J.
We cannot find any legal ground to discharge the defendant from the ordinary consequences of the contract which he has made. Boardman made the note in the name of Evans, professing and believing that he had authority, payable to the defendant or order, and the defendant, with the like belief, indorsed it.
The indorser always warrants the existence and legality of the contract which he undertakes to assign.[1] The indorsee takes it on the credit chiefly of the indorser.
Thus if a note void between promisor and payee, on account of usury or other illegal consideration, is indorsed bona jide for valuable consideration, the indorser must make it good.
So if the indorsement is of a note made by a minor or of a feme covert, and even if the name of the promisor is forged, the indorser is held upon his contract to pay the indorsee.
In this case, one of the strong points of the argument for the defendant is, that there being in fact no promisor, the indorser, if compelled to pay, will have none to call upon to reimburse him. Also that the common requisites of an action against indorsers cannot be complied with, for there can be no demand upon the promisor. But this will affect only the form of the declaration. The same difficulty, if it is one, will occur in the cases of void or voidable notes above mentioned ; for a demand in such cases would be merely formal. The administrator of a deceased person, whose name appears to a note, may as well be called upon, in order to give an action against an indorser, as the person whose name is forged.[1] An averment, that at the time of writing the note by the attorney for the principal, the principal was dead, would be sufficient to entitle the plaintiff to recover.
*301 But it is said, that the transaction having proceeded upon the supposition by the parties that Evans was alive, the contract of Smith was void, being founded in mistake. But could not tire same answer be given in all the other cases which have been mentioned ? In the case of the infant, the feme covert or the forged note, will it be a defence by the indorser, that he and the indorsee believed that the note indorsed was genuine and binding on the supposed promisor ? We apprehend not; because the indorser is not at liberty to deny the validity • of the contract which he has assigned, for the purpose of defeating his own liability.
The principle of the civil law, that acts done by an agent after the death of the principal, until his death is known, shall be valid, though not recognised by the common law, may at least furnish ground for the liability of any one who by his own act becomes quasi a guarantor of that contract. Suppose the principal to be in a foreign country, and the agent having authority here, makes a negotiable contract to a third person who indorses it; shall his contract be avoided because the note may not be binding on the supposed original contractor ? Such a principle would exceedingly embarrass commercial transactions. Whether the indorser in such case would not have a remedy against the agent, is a question not arising in this case. The indorser must take the risk of the validity of the note which he assigns. He gives currency to it ; in fact warrants its genuineness in respect of the indorsee. We think tire ignorance of all parties of the death of Evans rather strengthens than impairs the claim of the plaintiff. His proceedings before the commissioners of insolvency on Evans’s estate, the defendant being charged by notice, cannot affect his right to recover the balance. This was advantageous to the indorser ; and the discharge of the estate of Evans is only personal. It does not prevent Smith from resorting to that for relief. In regard to the note payable on demand, as there was no person living to make die demand upon, a demand would have been useless. It is sufficient that Smith had notice of the demand made upon the administrator of Evans, and an offer of the notes.
Judgment must be entered for the plaintiff for the amount of the notes and interest, deducting what has been paid.

 See Bayley on Bills, (Phillips & Sewall’s 2nd ed.) 149.

 See Bayley on Bills, (Phillips & Sewall’s 2nd ed.) 219, 220.